UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DOROTHY FRANCES RIPLEY,

             Plaintiff,

      v.                                   19-CV-523-LJV-HKS
                                           DECISION & ORDER

THE ESTATE OF CURTIS L. CROOKS
BY HIS HEIR ANNE AUSTIN,

             Defendant.

_____

On April 22, 2019, the plaintiff, Dorothy Frances Ripley, commenced this action against the defendant, the Estate of Curtis L. Crooks by his heir, Anne Austin, seeking damages and specific performance related to the sale of real property located in Pennsylvania.  Docket Item 1.  On January 4, 2021, Ripley moved for default judgment. Docket Item 14.

On April 22, 2021, this Court referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 17.  On August 2, 2021, Judge Schroeder issued a Report, Recommendation and Order ("RR&O") finding that the plaintiff's motion should be denied and that this case should be dismissed for lack of subject matter jurisdiction. Docket Item 18.  The parties did not object to the RR&O, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party

objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Schroeder's RR&O as well as the plaintiff's submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Schroeder's recommendation to deny the plaintiff's motion for default judgment.

The plaintiff's motion asked the Court to enter default judgment to "divest the defendant's title and deed to the property" at issue here, which allegedly remains in Curtis Crooks's estate, and to "invest[] [sic] all rights and title to the plaintiff."  Docket Item 14 at 2.  As the RR&O correctly concluded, that request falls within the probate exception to federal diversity jurisdiction.[1]  *See McKie v. Estate of Dickinson*, 2020 WL 2797243, at *3 (E.D.N.Y. May 29, 2020) ("A federal court may neither 'dispose of property that is in the custody of a state probate court,' nor take over the administration of estate assets pending in probate courts." (alterations omitted) (quoting *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 107 (2d Cir. 2007))).  Moreover, as the RR&O also noted, *see* Docket Item 18 at 5, because the heir of the estate is apparently named as a defendant, and because that heir and the plaintiff reside in the same state, diversity itself may be lacking.  *See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*,

---

[1] Nor does the plaintiff's request for damages give this Court jurisdiction:  those claims, brought against the estate of Curtis Crooks, would still require this Court to "administer [the defendant's] estate" and would likewise be barred by the probate exception.  *See King v. Shou-Kung Wang*, 663 F. App'x 12, 13 (2d Cir. 2016) (summary order).

409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.").

For either or both of those reasons, this Court apparently does not have subject matter jurisdiction. And without subject matter jurisdiction, the plaintiff cannot establish that she is entitled to the entry of default judgment by this Court. *See DeVito Verdi, Inc. v. Legal Sea Foods, Inc.*, 2021 WL 1600088, at \*2 (S.D.N.Y. Apr. 23, 2021) ("Because the Court lacks subject matter jurisdiction, [the p]laintiff's motion for default judgment is denied . . . .").

For the reasons stated above and in the RR&O, the plaintiff's motion for default judgment, Docket Item 14, is DENIED without prejudice. In light of the plaintiff's *pro se* status, however, this Court grants her leave to amend her complaint or otherwise to demonstrate that this Court has subject matter jurisdiction and, if so, to renew her motion for a default. **Within 30 days of the date of this order,** the plaintiff may file an amended complaint correcting the deficiencies stated above and in the RR&O or may otherwise demonstrate to this Court that it has subject matter jurisdiction. If the plaintiff does not do so by that date, the complaint will be dismissed without prejudice, and the Clerk of the Court shall close this case without further order.[2]

---

[2] Because the Court lacks subject matter jurisdiction, "it also lacks the power to dismiss with prejudice." *Hernandez v. Conriv Realty Associates*, 182 F.3d 121, 123 (2d Cir. 1999). Therefore, the Court will dismiss the complaint without prejudice if the plaintiff does not file an amended complaint or otherwise demonstrate jurisdiction as set forth above.

SO ORDERED.

Dated:        September 21, 2021
              Buffalo, New York


                                    /s/ Lawrence J. Vilardo
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE